UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARBARA ESSELTINE and
JACK ESSELTINE,

        Plaintiffs,

-and-

BLUE CROSS BLUE SHIELD,

        Plaintiff-Intervenor,

                                Case Number 08-14542
v.                                Honorable Thomas L. Ludington

T.J. MAXX and TJX COMPANIES,

        Defendants.
_____/

## ORDER GRANTING BLUE CROSS BLUE SHIELD'S MOTION TO INTERVENE AND DENYING BLUE CROSS BLUE SHIELDS MOTION FOR SEPARATE TRIAL

      On October 24, 2008, Defendants T.J. Maxx and TJX Companies removed Plaintiffs Barbara ("Plaintiff") and Jack Esseltine's complaint to this Court. The complaint alleges that Defendant's negligence caused Plaintiff to injure herself while shopping at Defendant's retail location. On May 29, 2009, Intervenor Blue Cross Blue Shield ("BCBS") moved to intervene as a plaintiff pursuant to Fed. R. Civ. P. 24(a). Dkt. # 11. BCBS seeks reimbursement for payments it made for medical care resulting from Plaintiff's injuries if Plaintiff successfully establishes Defendants' liability to her for those expenses. BCBS also requests that it be able to proceed in a separate bench trial pursuant to Fed. R. Civ. P. 42(b). No parties have responded to the motion.

A

      A party has the right to intervene when it "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of

the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ."  Fed. R. Civ. P. 24(a)(2).  To determine if a party has the right of intervention, a court considers the following factors: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citation omitted).  Regarding the substance of the legal interest, courts should construe Rule 24 broadly in favor of proposed intervenors.  *See Michigan State AFL-CIO*, 103 F.3d at 1245-1246 (citations omitted); *see also Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999), rev'd on other grounds at 539 U.S. 244 (2003) (reiterating the "rather expansive notion" of interest sufficient for intervention).  Regarding the element of impairment, the "burden is minimal" to show impairment of a proposed intervenor's interests.  *Id*. at 1247.  Even the precedential effect of an adverse decision on future possible litigation will suffice.  *Id*.  Finally, as to inadequate representation, the burden is again minimal – showing that the current parties would not make all of a proposed intervenor's arguments or that they have not appealed can suffice.  *Id*. at 1247 (citations omitted).  A proposed intervenor need show only the potential for inadequate representation.  *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 539 n.10 (1972); *Linton v. Commissioner of Health and Environment*, 973 F.3d 1311, 1319 (6th Cir. 1992).

Here, the BCBS's request to intervene is not untimely.  The parties recently requested an extension of the scheduling order and intervention of BCBS will not cause undue delay.  In addition, BCBS asserts that it has a financial stake in the outcome of the litigation and intervention will assist in the reimbursement of those costs.  Finally, intervention will assist in the efficient resolution of

claim between the three parties. The Court will grant the motion.

B

BCBS also requests that the Court order separate trials. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A district court retains broad discretion in determining whether separate trials are warranted. *Helmac Prod. Corp. v. Roth (Plastics) Corp.*, 814 F.Supp. 581, 591-92 (E.D. Mich. 1993) (citing *In re Bendectin Litig.*, 857 F.2d 290, 308 (6th Cir. 1988)).

Here, BCBS contends that separate trials would be convenient for the parties and its participation in a jury trial may prejudice Plaintiff without further explanation of how either of those two propositions are or may be true. BCBS merely seeks reimbursement from a third party tortfeasor to the extent that Plaintiffs and their counsel are successful in the pending action. Convenience to the parties and potential prejudice are minimal in this circumstance in comparison to the efficient allocation of judicial resources. The Court will deny the request.

C

Accordingly, it is **ORDERED** that Blue Cross Blue Shield's motion to intervene and for separate trial is [Dkt. # 11] is **GRANTED** in part and **DENIED** in part. Blue Cross Blue Shield is permitted to intervene as a plaintiff pursuant to Fed. R. Civ. P. 24(a).

                                            s/Thomas L. Ludington  
                                            THOMAS L. LUDINGTON  
                                            The United States District Judge

Dated: July 9, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 9, 2009.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS